

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------------------------X

SHAWN YOUNG,

                                      Plaintiff,        **COMPLAINT**

       -against-                                  **PLAINTIFF DEMANDS TRIAL BY JURY**

THE CITY OF NEW YORK, POLICE OFFICER
YEUDY CASTILLO, Shield #22113, POLICE OFFICER
WILLIAM SMITH, Shield #12405, POLICE OFFICER
GRACE BAEZ, Shield #11060, POLICE OFFICER
DAURYS GUTIERREZ, Shield #12684, POLICE
OFFICERS JOHN/JANE DOE(S) #S 1-10,



                                      Defendants.

------------------------------------------------------X

       Plaintiff SHAWN YOUNG, for his complaint, by his attorney LAW OFFICE OF DAVID A. ZELMAN, and upon information and belief, respectfully alleges as follows:

## I. PRELIMINARY STATEMENT

1.   This is a civil rights action in which Plaintiff SHAWN YOUNG (hereinafter "Plaintiff" or "YOUNG") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. On or about January 6, 2014 at approximately 4:20 A.M., Plaintiff was falsely arrested with excessive force by employees of the City of New York, including but not limited to POLICE OFFICER YEUDY CASTILLO, Shield #22113, POLICE OFFICER WILLIAM SMITH, Shield #12405, POLICE OFFICER GRACE BAEZ, Shield #11060, and POLICE OFFICER DAURYS GUTIERREZ, Shield #12684. As a result of the excessive force used by Defendants, Plaintiff suffered physical and mental injuries.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3. Plaintiff at all times relevant hereto resided in New York, NY.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant POLICE OFFICER YEUDY CASTILLO, Shield #22113 (hereinafter "CASTILLO") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. CASTILLO is sued in his official and individual capacity.

6. Defendant POLICE OFFICER WILLIAM SMITH, Shield #12405 (hereinafter "SMITH") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. SMITH is sued in his official and individual capacity.

7. Defendant POLICE OFFICER GRACE BAEZ, Shield #11060 (hereinafter "BAEZ") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent,

      servant, and/or employee of Defendant CITY and within the scope of her employment. BAEZ is sued in her official and individual capacity.

8. Defendant POLICE OFFICER DAURYS GUTIERREZ, Shield #12684 (hereinafter "GUTIERREZ") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. GUTIERREZ is sued in his official and individual capacity.

9. Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

10. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

11. On or about January 6, 2014, at approximately 4:20 A.M., Plaintiff was inside a restaurant located at 511 West 125th Street in New York, NY, when New York City Police Officers entered the restaurant and ordered everyone to leave.

12. Plaintiff left the restaurant and was standing on the sidewalk near the restaurant when he was arrested with excessive force and assaulted by police officers, including but not limited to CASTILLO, SMITH, BAEZ, and GUTIERREZ.

13. Plaintiff was transported to the 26th Precinct and detained in a holding cell. Plaintiff was then transported to Central Booking.

14. While in custody at Central Booking, Plaintiff was transported to St. Luke's Hospital to be treated for his injuries. Plaintiff was then transported back to Central Booking.

15. After approximately 26 hours in custody, Plaintiff was arraigned and charged with Resisting Arrest (PL 205.30), Disorderly Conduct (PL 240.20(1)), and Harassment in the Second Degree (PL 240.26(1)). Plaintiff was thereafter released on his own recognizance.

16. All charges against Plaintiff are currently pending.

17. On or about the 13th day of January, 2014, Plaintiff's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of Plaintiff, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

18. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
### Pursuant to § 1983 (FALSE ARREST)

19. Paragraphs 1 through 18 of this complaint are hereby realleged and incorporated by reference herein.

20. That Defendants had neither valid evidence for the arrest of Plaintiff nor legal cause or excuse to seize and detain him.

21. That in detaining Plaintiff without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the

color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. Plaintiff was but one of those persons.

22. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

23. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

24. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

25. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

26. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

27. Paragraphs 1 through 26 are hereby realleged and incorporated by reference herein.

28. That the seizure, detention and imprisonment of Plaintiff was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

29. That Defendants intended to confine Plaintiff.

30. That Plaintiff was conscious of the confinement and did not consent to it.

31. That the confinement was not otherwise privileged.

32. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of Plaintiff's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

33. That by reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

34. Paragraphs 1 through 33 are hereby realleged and incorporated by reference herein.

35. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

36. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

37. That Defendants violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

38. That at the time of the arrest or while in custody, Plaintiff did not pose a threat to the safety of the arresting officers.

39. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

40. That defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiff to excessive force while effectuating his arrest.

41. That Defendant's actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

42. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

43. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of Plaintiff's civil rights, including but not limited to the right to be free from the application of excessive force.

44. That upon information and belief, in 2014, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

45. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and

employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

46. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

47. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

48. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### VIII. FOURTH CAUSE OF ACTION
### Pursuant to State Law (EXCESSIVE FORCE)

49. Paragraphs 1 through 48 are hereby realleged and incorporated by reference herein.

50. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

51. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

52. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest or after Plaintiff was arrested and in custody.

53. That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

54. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

55. That Defendant's actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

56. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of the laws of the State of New York.

57. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of Plaintiff's civil rights, including but not limited to the right to be free from the application of excessive force.

58. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### IX. FIFTH CAUSE OF ACTION
### Pursuant to State Law (ASSAULT AND BATTERY)

59. Paragraphs 1 through 58 are hereby realleged and incorporated by reference herein.

60. That Defendants intended to cause harmful bodily contact to Plaintiff.

61. That defendant Defendants, in a hostile manner, voluntarily caused Plaintiff's injuries.

62. That Defendants' contact with Plaintiff constituted a battery in violation of the laws of the State of New York.

63. That by reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
### Pursuant to § 1983 (MALICIOUS PROSECUTION)

64. Paragraphs 1 through 63 are hereby realleged and incorporated by reference herein.

65. That Defendants acting with malicious intent, arrested Plaintiff and initiated a criminal proceeding despite the knowledge that he had committed no crime.

66. That the criminal charges against Plaintiff are still pending.

67. That there was no probable cause for the arrest and criminal proceeding.

68. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

69. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, Plaintiff was maliciously prosecuted despite the fact that he had committed no violation of the law.

70. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

71. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be

properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

72. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

73. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

74. That upon information and belief, in 2014, defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

75. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XI. SEVENTH CAUSE OF ACTION
### Pursuant to State Law (MALICIOUS PROSECUTION)

76. Paragraphs 1 through 75 are hereby realleged and incorporated by reference herein.

77. That Defendants acted with malicious intent, arrested Plaintiff and initiated a criminal proceeding despite the knowledge that Plaintiff had committed no crime.

78. That the charges against Plaintiff are still pending.

79. That there was no probable cause for the arrest and criminal proceeding.

80. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of

Plaintiff 'srights, deprived Plaintiff of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

81. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XII. EIGHTH CAUSE OF ACTION
### Pursuant to § 1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

82. Paragraphs 1 through 81 are hereby realleged and incorporated by reference herein.

83. That Defendants had no legal cause nor excuse to detain Plaintiff for a prolonged period prior to arraignment.

84. That Defendants detained Plaintiff excessively prior to arraignment in violation of Plaintiff's civil rights.

85. That Defendants detained Plaintiff with ill will and/or negligently.

86. That Defendants should have expeditiously investigated this matter and released Plaintiff.

87. By reason of Defendant's acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

88. That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

89. That upon information and belief, in 2014, Defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods prior to arraignment.

90. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

91. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

92. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYPD to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

93. That Defendant, through its officers, agents and employees, unlawfully incarcerated Plaintiff for an excessive period of time prior to arraignment.

94. By reason of the foregoing, Plaintiff suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### XIII. NINTH CAUSE OF ACTION
Pursuant to State Law (PRE-ARRAIGNMENT DELAY)

95. Paragraphs 1 through 94 are hereby realleged and incorporated by reference herein.

96. Defendants negligently and/or intentionally failed to arraign Plaintiff promptly following his arrest as required by New York State and Federal laws, rules, regulations and statutes.

13

97. Said failure to promptly arraign Plaintiff caused his arrest to be void ab initio.

98. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

### XIV. TENTH CAUSE OF ACTION
### Pursuant to § 1983 (DENIAL OF FAIR TRIAL)

99. Paragraphs 1 through 98 are hereby realleged and incorporated by reference herein.

100. By fabricating evidence, defendants violated Plaintiff's constitutional right to a fair trial.

101. Defendants were aware or should have been aware of the falsity of the information used to prosecute Plaintiff.

102. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

### XV. ELEVENTH CAUSE OF ACTION
### Pursuant to §1983 (FAILURE TO INTERVENE)

103. Paragraphs 1 through 102 are hereby realleged and incorporated by reference herein.

104. That Defendants failed to intervene when Defendants knew or should have known that Plaintiff's constitutional rights were being violated.

105. That Defendants had a realistic opportunity to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence.

106. That a reasonable person in the Defendants' position would know that Plaintiff's constitutional rights were being violated.

107. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they failed to intervene to protect him from Defendants' use of excessive force, in violation of Plaintiff's rights pursuant to Fourteenth Amendment of the United States Constitution.

108. That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from excessive force by police officers. Thus, as a result of the above described policies and customs, Plaintiff was not protected from Defendants' unconstitutional actions.

109. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

110. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

111. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of detainees and were the cause of the violations of Plaintiff's rights alleged herein.

112. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

113. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### XVI. TWELFTH CAUSE OF ACTION
### Pursuant to State Law (NEGLIGENCE)

114. Paragraphs 1 through 113 are hereby realleged and incorporated by reference herein.

115. That Defendants were reckless, careless, and indifferent to Plaintiff's physical well-being while Plaintiff was in Defendants' custody.

116. That Defendants had a duty to exercise reasonable care to secure the safety of Plaintiff from injury while in Defendants' charge.

117. That Defendants breached their duty to Plaintiff when Defendants failed to exercise reasonable care to secure the safety of Plaintiff while in Defendants' charge, or when Defendants discontinued their aid or protection of Plaintiff and left Plaintiff in a worse position than when Defendants took charge of him.

118. That by the actions described above, defendants jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff.

119. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

120. As a result of the foregoing, Plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured. All of said injuries may be permanent.

## XVII. THIRTEENTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

121. Paragraphs 1 through 120 are hereby realleged and incorporated by reference herein.

122. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

123. That at all times Defendants were acting within the scope of their employment.

124. That Defendant CITY was able to exercise control over Defendants' activities.

125. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer economic injuries, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiff interest from January 6, 2014;

17

4. Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC § 1988; and

5. Granting such other and further relief as to this Court deems proper.

Dated: Brooklyn, New York
July 22, 2014

LAW OFFICE OF DAVID A. ZELMAN

_____
David A. Zelman, Esq. (DZ 8578)
Attorney for Plaintiff
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072