```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
SHAWN YOUNG,                                                 :
                                                             :
                    Plaintiff,                               :
                                                             :
        -against-                                            :
                                                             :
THE CITY OF NEW YORK, YEUDY                                  :
CATILLO, WILLIAM SMITH, GRACE                                :
BAEZ & DAURYS GUTIERREZ,                                     :
                                                             :
                    Defendants.                              :
                                                             :
-------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 1, 2016

14 Civ. 5667 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Shawn Young sues the City of New York and four NYPD officers for injuries he allegedly sustained when he was arrested in the early morning of January 6, 2014. Young initially brought thirteen claims, but later voluntarily dismissed all but the following claims: false arrest, in violation of federal and state law (Claims 1 and 2); excessive force, in violation of federal and state law (Claims 3 and 4); assault and battery (Claim 5); failure to intervene (Claim 11); and negligence (Claim 12).[1]

On June 13, 2016, Defendants filed a lengthy summary judgment motion, seeking dismissal of most of Young's claims. Dkt. 28. But a week later and in conjunction with Young dismissing several claims, Defendants withdrew much of their motion, and now only seek dismissal of the negligence claim. Dkt. 30. The Court holds that Young has failed to introduce sufficient evidence from which a reasonable fact finder could conclude that Defendants acted

---

[1] Young alleges that the City is liable for the officers' actions under the *respondeat superior* doctrine, which he characterizes as his "Thirteenth Cause of Action." Compl. ¶¶ 121-25.

1

negligently. The Court GRANTS Defendants' motion for partial summary judgment and dismisses the negligence claim.

## BACKGROUND

At about 4:25 am on January 6, 2014, NYPD Officers Yeudy Castillo and William Smith were driving near El Puerto Seafood restaurant on 125th Street in Manhattan. Def. 56.1 Stmt., Dkt. 27 ¶ 5.[2] A restaurant employee flagged them down and indicated that people were fighting inside the restaurant. *Id.* ¶ 6. The officers entered the restaurant and observed a crowded scene, including a group of five or six people that was separated as though they had just finished an argument. *Id.* ¶¶ 7-8. The employee pointed to the group, which included Young, and said that they were the ones who had been fighting. *Id.* ¶ 15. Castillo ordered the group to leave the restaurant. *Id.* ¶ 16.

Officers Daurys Guttierez and Grace Baez arrived on the scene. *Id.* ¶ 17. Young was ultimately arrested outside the restaurant, put in a police car, and transported to the 26th Precinct by Guttierez and Baez. *Id.* ¶ 18. He was later taken in an ambulance to St. Luke's Hospital, where he was briefly examined. *Id.* ¶¶ 21-22. Young was charged with resisting arrest, disorderly conduct, and second degree harassment. *Id.* ¶¶ 20, 28. On December 17, 2014, the charges were dropped on speedy trial grounds. *Id.* ¶ 44.

There is minimal evidence in the record as to what, if any, injuries Young sustained during the arrest, or how he sustained them. First, Young submits a three-minute video that was apparently filmed by a bystander to the arrest outside the restaurant. Dkt. 31, Ex. A. The video is dark and blurry, but the Court can discern the following. An individual who identifies himself as Shawn Young is yelling as officers put him into a police car. *Id.* at 1:30. Young is heard

---

[2] Young agrees that all of the statements in Defendants' Rule 56.1 statement are true. Dkt. 31.

saying to the officers: "I did nothing wrong," "Why did y'all do that to me?", "You pushed me out of the store," "I paid for my food," "Why did y'all hit me?", "I got asthma, I need to go to the hospital," and "I want an ambulance." *Id.* at 0:44-1:30. An officer then puts Young into the backseat of the police car, and it appears that the officer briefly struggles to close the door. *Id.* at 1:30-1:50.

Second, the parties submit short excerpts of the deposition testimonies of the four officers. The officers have limited recollections of the relevant events, but describe arresting Young for failure to disperse and putting him in the police car without incident, except for Young spitting at Baez. Dkt. 26, Ex. D-G; Dkt. 31, Ex. B-E.

Third, Defendants (and not Young) introduce scattered portions of Young's deposition testimony. Dkt. 26, Ex. H. Young testified that an officer kicked him and punched him as he was being handcuffed along a gate outside the restaurant. *Id.* at 65:1-65:16. Defendants' attorney asked Young if he went into the police car willingly or was forced, but the excerpt provided to the Court does not include Young's answer. *Id.* at 65:24. Rather, the excerpt skips ahead nine pages to Young explaining that he was driven to the 26th Precinct. *Id.* at 74:7-74:9. Young further testified that, while at the precinct, he complained about pain in his foot, wrist, and shoulder, as well as his asthma. *Id.* at 90:17-91:10. He was taken to a hospital where he was briefly examined, given a nebulizer for his asthma, and then released. *Id.* at 92:20-94:4. Young did not recall being diagnosed with any medical condition. *Id.* at 94:4.

Finally, Defendants introduce the Prehospital Care Report Summary prepared by St. Luke's Roosevelt Hospital. Dkt. 26, Ex. N. The report indicates that Young complained of "ABRASION TO R WRIST AND R SHOULDER PAIN AND REPORTS 'I NEED AN ASTHAM PUMP' … PT DENIES OTHER COMPLAINTS." *Id.* at 2. The report continues by

summarizing the result of the examination as "UNREMARKABLE EXCEPT ABRASION AND PAIN AS DESCRIBED ABOVE." *Id.*

## DISCUSSION

### I.     Applicable Law

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The Court "resolve[s] all ambiguities and draw[s] all reasonable inferences in the light most favorable to the nonmoving party." *Summa v. Hofstra Univ.*, 708 F.3d 115, 123 (2d Cir. 2013).  The Court grants summary judgment only when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Smith v. Cty. of Suffolk*, 776 F.3d 114, 121 (2d Cir. 2015).  Thus, the moving party is entitled to summary judgment if the non-moving party fails to make a sufficient evidentiary showing on an essential element of which he has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When a plaintiff asserts excessive force and assault claims which are premised upon a defendant's allegedly intentional conduct, a negligence claim with respect to the same conduct will not lie." *Dineen v. Stramka*, 228 F.Supp. 2d 447, 454 (S.D.N.Y. 2002).  But summary judgment is improper if a reasonable jury could conclude that the evidence in the record supports a finding of either intentional or negligent conduct.  *Ferreira v. City of Binghamton*, 2016 U.S. Dist. LEXIS 71796, at *30 (N.D.N.Y. June 1, 2016).

### II.    Analysis

Young seeks to proceed to trial on alternate theories of excessive force, assault and battery on the one hand; and negligence on the other hand.  Young's attorney writes in his letter opposing the motion that Young "alleges that the door to the police vehicle was slammed on his

feet causing a fracture of his second toe of his right foot." Dkt. 31 at 2. He contends that a jury could reasonably conclude that the officers either intentionally or negligently closed the door on Young's foot. *Id.*

But counsel's letter is not evidence, and nothing in the pleadings or the record supports the chain of events and injury first articulated in the letter. As an initial matter, the complaint does not allege that the officers closed a door on Young's foot or that he suffered a fractured toe. Rather, it contains only vague, conclusory allegations of wrongful conduct ("Plaintiff . . . was arrested with excessive force and assaulted by police officers"; "Defendants were reckless, careless, and indifferent to Plaintiff's physical well-being while Plaintiff was in Defendants' custody") and generalized, boilerplate allegations of damages ("Plaintiff has suffered and will continue to suffer economic injuries, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses."). Compl. ¶¶ 12, 115, 125.

Nor is there any evidence in the record to support counsel's theory. Nothing in the officers' testimony suggests that they slammed a door on Young's foot when they put him in the police car. And Young does not offer his own deposition testimony or affidavit to rebut that testimony. Rather, he relies entirely on the video footage. But the video is far too dark and blurry for the Court (or a reasonable jury) to perceive a door being closed on Young's foot—let alone to determine whether that action was done intentionally or negligently. Thus, Young has failed to adduce sufficient evidence from which a reasonable jury could conclude that Defendants acted negligently in the manner counsel suggests. The Court grants Defendants' motion and dismisses the negligence claim.

## **CONCLUSION**

The Court GRANTS Defendants' motion for partial summary judgment and dismisses the negligence cause of action (Claim 12).

Trial is set for Monday, September 19, 2016.  The final pretrial conference is Monday, September 12, 2016, at 3:30 pm in Courtroom 14C.  Any motions *in limine* must be filed by Wednesday, September 7; any opposition must be filed by Friday, September 9.  Proposed *voir dire* and requests to charge must also be filed by Wednesday, September 7.  The Clerk is directed to terminate the motion at Docket 25.

Dated: New York, New York   SO ORDERED
September 1 2016

*(signature)*

PAUL A. CROTTY
United States District Judge